[Civ. No. 6139.   Second Appellate District, Division **Two**.—January 18, 1929.]

SOUTHERN CALIFORNIA EDISON COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ROBERT JANSEN, Respondents.

Roy V. Reppy and E. W. Cunningham for Petitioner.

G. C. Faulkner for Respondents.

CRAIG, J.—The respondent Robert Jansen was employed by the petitioner herein as a rigger and boilermaker on February 19, 1925, on which date he was injured in the course of and arising out of his employment. Prior to his injury he resided at one of the petitioner's mountain camps at Big Creek, where he was furnished board and lodging. When so injured the respondent Jansen was removed to and confined for treatment at petitioner's hospital at Big Creek until August 8, 1925, when he was placed in a hospital at Los Angeles for further hospital and medical treatment by petitioner's chief surgeon, and there remained until

May 11, 1926. On June 12, 1926, Jansen filed an application with the Industrial Accident Commission for adjustment of claim, and after hearing therein was awarded $20.83 per week, with interest, and hospital and surgical treatment to cure and relieve him from the effects of his injury. Said claim was numbered 6205. On October 28, 1926, the applicant again returned to the Los Angeles hospital, where he remained until May 6, 1927. On September 21, 1927, he filed a second application for adjustment of claim, which was numbered 23538, wherein it was recited that: "A question has arisen with respect to the liability of the employer or insurance carrier, and the general nature of the claim in controversy is, question of liability for extra living expenses on account of medical treatment." At the hearing of this latter application it appeared that payments previously ordered, totaling $2,814.36, had been made, and were still being made. The applicant then testified, and it was found by the Commission that Jansen was treated "but not in the hospital" on August 10, 1926, May 12 to October 27, 1926, inclusive, and May 6 to August 2, 1927, inclusive, a total of 259 days; that while so receiving treatment and residing outside of a hospital, he incurred expenses at Los Angeles for two rooms at 75 cents per day, meals at $1.50 per day, and that his daily expenses for laundry, car-fare to the hospital, and for a man to help him bathe, were 35 cents, 10 cents and 25 cents, respectively. It further appeared that during a portion of the 259 days the applicant resided at San Francisco, where two rooms cost him $26.25 per month, and that he there expended $1.85 per day for meals, and $1 per week for laundry. On December 13, 1927, the respondent Commission rendered findings consolidating the claims numbered 6205 and 23538, reciting that: "Said applicant was under medical treatment and observance for a period of 259 days in the city of Los Angeles, California, . . . and during said period of 259 days the applicant was not confined in any hospital . . . " A "supplemental award for excess living expenses" was rendered in the sum of $427.35, upon the basis of a difference in living expenses of $1.05 at the labor camp, and $2.70 at Los Angeles, per day. Upon application of petitioner for a rehearing upon this latter award, which was granted, it was contended that the applicant

was entitled to board and lodging at the camp only when working, that there was no showing as to what would have been the cost of maintenance while being treated at Big Creek outside of the camp, or that such expense was or would have been higher at Los Angeles; that the Commission was without authority to assume and make an award upon the theory that the applicant might select and enjoy expensive quarters according to his personal taste. At the rehearing it was admitted that the ''applicant demands the difference between his living expenses at Big Creek, at the time of his injury, and his living expenses while under treatment for said injury at Los Angeles, during 259 days spent outside of the hospitals.'' The second award was modified, allowing a total of $401.45, upon a basis of the difference between $1.15 daily expense at Big Creek, and $2.70 at Los Angeles.

The petitioner contends that these excess living expenses during 259 days outside of any hospital constituted no part of the medical, surgical, and hospital treatment contemplated by the Workmen's Compensation, Insurance and Safety Act, and were not allowable; that there is no evidence of the applicant having resided at the labor camp on the date of the injury; that none but men actually at work for the petitioner at Big Creek were permitted to live at the camp, and that Jansen lived there temporarily only, when so employed.

It appears that the Commission consolidated the two applications and based its supplemental award of excess living expenses upon the whole record, notwithstanding the fact that it had previously finally rendered findings and awarded compensation, with which petitioner herein fully complied, upon the evidence first introduced concerning the question of injury and disability. The respondent Commission in its brief dwells entirely upon the severity of Jansen's injuries, and a general history of the case, but cites no authorities, and we find no evidence in the record, tending to support an award of any excess over the market value of maintenance at the labor camp. Nor do we observe any finding tending to sustain respondent's assertion that ''The giving of this same medical treatment at Big Creek would not have necessitated this additional expense to the employee.'' What the expense to an injured employee might have been at Big Creek does not appear by

evidence nor finding. As provided by section 1 of the act, the injured employee was entitled only to "full provision for such medical, surgical, hospital and other remedial treatment as is requisite to cure and relieve from the effects of such injury"; and subdivision 4 (b) of section 12 provides that, "In determining such average weekly earnings, there shall be included overtime and the *market value of board, lodging, fuel, and other advantages received by the injured employee, as part of his remuneration, which can be estimated in money."* That the applicant received full medical, surgical, hospital, and other remedial treatment, appropriate to his necessities, is not denied. The part of his remuneration to which he was entitled, when not residing at a hospital, at petitioner's expense would be the *market value* of his board, lodging, and other advantages, when his employment ceased by reason of the injury. The allowance to the applicant, therefore, would. be the difference if any between the labor camp charges of $1.15 per day when actually at work, and the cost of like advantages elsewhere, if employed. Yet, while there is abundance of evidence as to amounts actually expended by the injured employee for rooms, board, etc., at Los Angeles, we are able to find no scintilla of evidence as to whether or not his accommodations in said city were in any way similar to those furnished by petitioner, or were more luxurious, nor is there any evidence as to their general market value. "Market value" has been defined as "the price or sum for which an equivalent could be reasonably and fairly purchased at or near the place where the property should have been delivered," at or about the time. (*Redhead Bros.* v. *Wyoming Cattle Inv. Co.,* 126 Iowa, 410 [102 N. W. 144].) This same rule was adopted by our supreme court in *Bullard* v. *Stone,* 67 Cal. 477, 480 [8 Pac. 17]. Since there is no showing that the items expended by the employee and attempted to be incurred for the account of his former employer were reasonable, and no basis is furnished from which the market value of his accommodations may be computed, we think it was not within the province of the Industrial Accident Commission to make the award of which complaint is made.

The award of excess expenses is annulled.

Works, P. J., and Thompson (Ira F.), J., concurred.